IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICK HELLER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 20-1656 |
| v. ) | Judge Cathy Bissoon |
| ) | |
| CHIEF WILLIAM HAMMERLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Defendants' Motions for Summary Judgment (Docs. 60, 62, 64 & 66) will be granted, and Plaintiffs' Motion for Partial Summary Judgment (Doc. 68) will be denied as moot.

Defendants have demonstrated entitlement to summary judgment on the First Amendment claim. Even at the motion to dismiss stage, the Court had noted that it was "unclear on the face of the pleading" whether the alleged circumstances fall within the scope of, or meet the requirements of First Amendment protection. Report and Recommendation ("R&R") (Doc. 25) at 13. Following discovery, Plaintiffs have failed to adduce evidence to establish otherwise. That Defendants were aware of prior incidents between extended family members and the police, and that knowledge *may* have informed Defendants' reasonable probable cause assessment, Pls.' Opp'n Br. (Doc. 75) at 4–5 & 10, does not raise fact questions sufficient to support a claim of interference with, or retaliation based on, familial affiliation. *See* R&R at 13 (citing binding authority).

The Fourth Amendment arrest/imprisonment and search/seizure claims do not fare any better.[1]  According to Plaintiffs, the affidavit of probable cause contains misrepresentations—specifically, the Forcina video—which placed an armed shooter in their home.  *See* Pls.' Opp'n Br. at 2 ("[T]he video does not show any person entering [their] residence[.]").  But this myopic view of the summary judgment record, ignores the derivation of reasonable probable cause from the totality of available evidence.  *See* Hammerle Br. (Doc. 61) at 8–9 (citing record evidence).  Even assuming that Defendants, with at least a reckless disregard for the truth, misrepresented the Forcina video, a reconstructed affidavit with a revised description of the video, *id.* at 15, still provides ample factual basis to establish, as a matter of law, that probable cause existed.[2]  And, because "[t]he Pennsylvania and federal standards for the existence of probable cause are the same," Russoli v. Salisbury Twp., 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000), the state law claims for false arrest and imprisonment do not survive summary judgment either.

Summary judgment also is warranted on Plaintiffs' reckless investigation claim.  Plaintiffs have failed to present material fact questions sufficient to demonstrate a "conscience-shocking" failure/dereliction of investigation.  To the contrary, the record reflects an investigation of the locations and participants, as well as available evidence, sufficient in its totality, to support a probable cause finding.  *See* Hammerle Br. at 8–9 & 33–34 (citing record evidence).

---

[1] A higher showing is required to establish a Fourth Amendment claim of unlawful search and seizure (versus unlawful arrest/imprisonment).  *See* Franks v. Delaware, 438 U.S. 154, 155–56 (1978) (to challenge the validity of a search warrant via the affidavit, plaintiff must prove that affiant knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions, creating a falsehood material or necessary to the finding of probable cause).

[2] The Court need not, and does not, reach Defendants' qualified immunity arguments which Plaintiffs, curiously, have failed to address in their opposing brief.

The claims for intentional infliction of emotional distress also do not survive summary judgment. To prevail, Plaintiffs must have "suffered some type of resulting physical harm due to [Defendants'] outrageous conduct, which must be supported by competent medical evidence." R&R at 25 (citations omitted). Given this high hurdle, Plaintiffs' evidence—limited to their own deposition testimony—reflecting that "Mrs. Heller had to stop working due to the panic attacks" and that "Mr. Heller was diagnosed with PTSD," Pls.' Opp'n Br. at 15, does not fit the bill.

Summary judgment also is warranted on the abuse of process claim due to Plaintiffs' failure to present a triable issue. Parenthetically, Plaintiffs' argument that the absence of probable cause amounts to a valid abuse of process claim, Pls.' Opp'n Br. at 17, misapprehends the law. Just as the existence of probable cause does not itself negate a claim for abuse of process, the absence of probable cause does not create one, as this claim requires a perversion of the process itself. R&R at 18–19.

Consistent with the foregoing, the Court enters the following:

## II. ORDER

Defendants' Motions for Summary Judgment (**Docs. 60, 62, 64 & 66**) are **GRANTED** and Plaintiffs' Motion for Partial Summary Judgment (**Doc. 68**) is **DENIED AS MOOT**.

IT IS SO ORDERED.

March 29, 2023                                         s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):
All Counsel of Record